# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

Nancy Lee Carlson,

        Plaintiff,

  v.

Charles Bolden, Administrator of the
National Aeronautics and Space
Administration (NASA), Ryan A. Zeigler
Apollo Sample Curator NASA

        Defendant.

JUN 27 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

No.

1:16-cv-06692
Judge Milton I. Shadur
Magistrate Judge Maria Valdez

## COMPLAINT

Plaintiff, Nancy Lee Carlson ("Carlson"), pro se, files this Complaint against Defendants

Charles Bolden, Administrator of the National Aeronautics and Space Administration

("NASA"), and Ryan A. Zeigler, Apollo Sample Curator, NASA-Johnson Space Center

("Zeigler") or (jointly known with Charles Bolden as "Defendants") and hereby alleges as

follows:

### NATURE OF THE ACTIONS

1.    This is a civil action seeking the return of Plaintiff Carlson's illegally seized

property consisting of the following items: (1) A Lunar Collection Bag with Lunar Dust, Flown

and (2) a grey Apollo era mesh cushion used with lunar sample return bag to soften impact to

lunar rocks, not flown. The items were purchased by Plaintiff Carlson at auction through the U.S.

Marshal Service vendor, Gaston and Sheehan, pursuant to a forfeiture order of the U.S. District

Court, Kansas. The aforementioned items became the personal property of the Plaintiff Carlson

under the meanings set forth in the Fourth and Fourteenth Amendments of the United States

Constitution and 42 U.S.C. § 1983, et seq. Plaintiff Carlson seeks damages and other relief,

1

against Defendants NASA and Zeigler to redress the depravations, caused by their seizure of the items. Plaintiff Carlson avers that Defendants NASA and Zeigler willfully abused their powers, unlawfully seized her property and are unduly interfering with Plaintiff Carlson's right to enjoy her private property without interference by Defendants NASA and Zeigler.

## THE PARTIES

1.      Plaintiff Carlson is a resident of the Northern District of Illinois.

2.      Upon information and belief, Defendant Bolden, in his official capacity as Administrator of NASA, which  is an independent civilian space agency under the executive branch created by Congress, located in Washington, D.C.

3.      Defendant Zeigler, in his official capacity as the Apollo Sample Curator and upon information and belief, he duty station is at the NASA/Johnson Space Center in Houston, Texas.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages against Defendants NASA and Zeigler to redress the seizure of her personal property without probable cause. Plaintiff Carlson avers that she is entitled to the privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff Carlson is seeking return of her personal property and seeks damages against Defendants NASA and Zeigler under 42 U.S.C. § 1983 and the common law of Illinois for intentional infliction of emotional distress.

5.      The jurisdiction of this Court is based upon a federal question pursuant to 28 U.S.C. § 1331(a).

6.      This Court has jurisdiction over NASA directly as it is a federal agency, with

2

multiple locations through the United States of America. Zeigler is an employee of NASA.

7.      Venue is proper in this Court according to the venue provision set forth by 28 U.S.C. §§ 1391(e)(c).


## FACTS

### A.      Purchase of Items:

8.      In October 2014, pursuant to the forfeiture order in the case of United States v. Ary, District of Kansas, No. 05-100053-JTM, Gaston and Sheehan Auctioneer, a government vendor began an auction on behalf of the United States Marshal Service denoted this auction as: "Featuring Flown Space Collectibles, Autographed Memorabilia, Apollo Film and More! - District of Kansas. **Exhibit A.**

9.      Lot 22 of the auction was described as grey Apollo era mesh cushion ("Mesh") used with lunar sample return bag to soften impact to lunar rocks. 6" Not flown. Beginning Bid, $4,000.00

10.      Lot 23 of the auction was described as one flown zippered lunar sample return bag with lunar dust ("Lunar Bag"), 11.5 inches; tear at center. Flown Mission Unknown. Beginning Bid, $20,000.00.

11.      The last date to bid on the items was October 14, 2014.

12.      Neither item sold at the auction.

13.      The items were placed for auction again in February 2015 by Gaston and Sheehan with a closing bid date of February 17, 2015.

14.      Plaintiff Carlson was the successful high bidder for both items.

15.      On or about February 29, 2015, Plaintiff Carlson paid for the items.  Upon

payment the items became her personal property. They were shipped to her with her receipt of sale, **Exhibit B**, heretofore attached and made a part hereof.

16.     In August 2015, Plaintiff Carlson contacted Defendant NASA via a telephone call to its employee, Defendant Ryan A. Zeigler, Ph.D., ("Zeigler"), Apollo Sample Curator, and asked if Defendant NASA would verify the lunar dust on the Lunar Bag and Mesh.

17.     Plaintiff Carlson informed Defendant Zeigler, how she acquired the Lunar Bag and Mesh, from the U.S. Marshal Service Auction.

18.     Defendant Zeigler agreed that he could verify if there was lunar dust as NASA had provided verifications for other items. He cited a case in which a sample was a piece of adhesive tape. The tape was found to have lunar dust affixed to it and was later sold at auction by a private party. Defendant Zeigler stated that he would have to fit testing into the schedule of the equipment and it could a few months.

19.     For clarification purposes, the aforementioned piece of tape, which contained lunar dust was sold at auction by a private party without government interference.

20.     Defendant Zeigler gave Plaintiff Carlson the address to send the items she purchased.

21.     Plaintiff Carlson sent the Lunar Bag and Mesh pursuant to the instructions and they were received on September 2, 2015 by the NASA/Johnson Space Center in Houston, Texas.

**B.     Defendant's Conduct.**

22.     An exchange of emails and telephone calls occurred between Plaintiff Carlson and Defendant Zeigler beginning on or about August 21, 2015 and continued until April 8, 2016.

23.     For the first five months, Plaintiff Carlson was told by Defendant Zeigler via

emails and telephone conversations, that for various reasons the instrument used for review of the Lunar Bag and Mesh was booked for other matters, that Defendant NASA was preparing for a government shutdown, that the equipment was turned off, then the equipment had to be turned back on and other such matters.

24.     Further emails and telephone calls were made between Defendant Zeigler and Plaintiff Carlson after she expressed a desire to retrieve the item.

25.     Plaintiff Carlson was finally told in a telephone call by Defendant Zeigler that there was lunar dust on the bag which matched the lunar dust from Apollo 11 and 17. A second set of tests were scheduled for verification.

26.     Plaintiff Carlson attempted to set a date to retrieve the items. Defendant Zeigler emailed her that he could not meet with her, due to a meeting in Europe, his mother was coming for a visit thus he would be unavailable. Further Defendant Zeigler would like to personally met her and take her on a tour of the Johnson Space Center if she could come at a time which he was available.

27.     Plaintiff Carlson stated that she would like a tour of the Johnson Space Center but still requested a firm date to pick up the items.

28.     On March 30, 2016, Defendant Ziegler sent an email confirming that there was lunar dust, and then closed the email with the following paragraph:

> *"So the real question becomes, what do we do next (which I'm guessing is what we should talk about on the phone). In normal circumstances, this is where I would turn things over to our IG office and they would ask whoever has the material to return it to NASA, since all lunar samples are considered property of the US government. Given that you bought this at a US government sanctioned auction, obviously that complicates things."*

29.    In subsequent telephone conversations and emails Defendant Zeigler, did not disclose that he and Defendant NASA's true intentions were to seize the Lunar Bag and Mesh belonging to Plaintiff Carlson and deprive her of her personal property.

30.    In response to various question as to the historical information on or about April 7, 2016 Plaintiff Carlson provided Ziegler via email the historical information, which she had gather from public internet sources, including the Lunar Bag's serial number, and the listing on the manifest of Apollo 11.

31.    Before the Lunar Bag and Mesh was sold to Plaintiff Carlson it had been in the possession of the United States Government since at least 2005.

32.    On or about April 7, 2016, Plaintiff Carlson informed Defendant Zeigler that she was coming to pick up the items.

34.    On April 7, 2016 Ziegler sent the following confirming message to Plaintiff:

***From:*** *"ZEIGLER, RYAN A. (JSC-XI211)" <ryan.a.zeigler@nasa.gov>*

***Subject: RE: Lunar Bag et al***

***Date:*** *April 6, 2016 at 6:50:56 PM CDT*

***To:*** *Nancy Lee Carlson <nancyleecarlson@me.com>*


*Hi Nancy,*

*I would very much like to here to meet you when you come to get the bag if at all possible. The thing is, I'm about to travel to Europe for two weeks starting on Saturday (Prague/Vienna/Budapest on a combination of work and fun) and I won't be back to Houston till 4/22. I don't want to make you wait unduly, but my Mom will be visiting me for the week after that (4/25-4/29) in her first trip to Houston, and I'd really like to be able to focus on her visit then as*

6

*well. Could I prevail upon you to wait till the first week of May to come visit? The weather should*
*still be nice here and the horrible horrible pollen count should be much less?*
*Oh, and the guy I asked to help track down the history of the sample bag is making unofficial*
*noises like he has a lead on it (though he has not been very specific). He's very thorough (at least*
*that's the polite word for it), but he promises to have something to me by early next week. So*
*hopefully I'll have more to share with you about (t)he bag's origins soon.*

*Ryan"*

33.     Plaintiff Carlson emailed Defendant Zeigler on April 25, 2016 to ask what day she should come to retrieve her items.

34.     Plaintiff Carlson  received a call from Defendant  Zeigler asking if she would trade her items for a "moon rock" which could be displayed at a museum of her choice on loan from NASA.

35.     On or about April 27, 2016, Plaintiff Carlson received a telephone call from AUSA Annette Gurney, from the U.S. Attorney's Office in Kansas, informing Plaintiff that Defendant NASA was holding the Lunar Bag and Mesh and that Defendant NASA was not returning the items.

36.     Defendant NASA without notice decided to appropriate Plaintiff's property.

37.     Defendant NASA without a proper court order willfully seized Plaintiff's property without due process of law.

38.     On April 28, 2016, Plaintiff sent via email a demand letter for the return of her property to AUSA Annette Gurney, **Exhibit C**.

39.     Defendant NASA by its attorney Ms. Gurney, sent a letter, dated May 25, 2016  to

Ms. Carlson on May 28,2017, that NASA would pay her an additional $1,000.00 plus

reimbursement of what she had originally paid $995, and they would pay the shipping cost.

**Exhibit D**.

    40.    Plaintiff rejected the offer.

## COUNT I

## SECTION 1983 DUE PROCESS VIOLATIONS DEFENDANTS NASA AND ZEIGLER

    41.    Plaintiff reincorporates and  realleges Paragraphs 1 through 40 as though more

fully set forth therein.

    42.    Plaintiff Carlson has a protectable interest under the Fourth and Fourteenth

Amendments of the United States Constitution to protect her from Defendants Zeigler and

NASA's abuse of their powers and unduly interfering with Plaintiff Carlson's right to her

personal property.

    43.    The action of Defendants NASA and Zeigler to appropriate Plaintiff Carlson's

property without a proper court order giving them the right to seize the property was intentional,

willful and wanton. Defendants NASA and Zeigler's actions deprived Plaintiff of her personal

property without due process of law.

    44.    As a direct and proximate consequence of said conduct of Defendants NASA and

Zeigler, Plaintiff Carlson suffered violations of her constitutional rights, emotional anxiety and

fear, and monetary loss and expense.

    **WHEREFORE,** the Plaintiff, Nancy Lee Carlson, prays for judgment against the

Defendant NASA and Defendant Zeigler jointly and severally, and demands return of her

personal property, compensatory damages, and because Defendants NASA and Zeigler, acted

maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action,

plus any and other additional relief as this court deems equitable and just.

## COUNT II

### SECTION 1983 ILLEGAL SEIZURE DEFENDANTS NASA and ZEIGLER

45.     Plaintiff reincorporates and realleges Paragraphs 1 through 40 as though more fully
set forth therein.

46.     The seizure of Plaintiff Carlson's personal property, was performed willfully and wantonly
by Defendants NASA and Zeigler, as detailed above, in violation Plaintiff Carlson's right to be free of
unreasonable seizures under the Fourth Amendment to the Constitution of the United States and *42 U.S.C.
§ 1983.*

47.     As a direct and proximate consequence of said conduct of Defendants NASA and
Zeigler, the Plaintiff Carlson suffered violations of her constitutional rights, emotional anxiety,
fear, and monetary loss and expense.

**WHEREFORE,** the Plaintiff, Nancy Lee Carlson, prays for judgment against the

Defendants NASA and Zeigler, and demands, return of her personal property, compensatory

damages, and because these Defendants NASA and Zeigler acted maliciously, wantonly, or

oppressively, substantial punitive damages, plus the costs of this action, plus any and other

additional relief as this court deems equitable and just.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS

## NASA and ZEIGLER

48.     Plaintiff reincorporates and realleges Paragraphs 1 through 40 as though more fully set forth therein.

49.     Defendants NASA and Zeigler's conduct of keeping Plaintiff Carlson uninformed as to the true reasons for the delay in returning her personal property to her, with full knowledge that they had no legal authority to possess and seize her property, constitutes extreme and outrageous conduct under Illinois law.

50.     Defendants NASA and Zeigler intended to inflict severe emotional distress upon Plaintiff Carlson, or knew that there was a high probability that their conduct would cause her to suffer severe emotional distress.

51.     **WHEREFORE,** Plaintiff Nancy Lee Carlson, prays for judgment and demands return of her property, compensatory damages against Defendants NASA and Zeigler, because they acted maliciously, wantonly, or oppressively; and substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT IV

## Liability of Official-Capacity Defendants NASA and Zeigler for Violations of Plaintiff Carlson's Fourth and Fourteenth Amendment Rights Actionable Under Title 42, United States Code, Section 1983

51.     The Plaintiff realleges and reincorporates by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

10

52.     The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, . . . papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (id. at amend. XIV).

53.     Defendants NASA and Zeigler are liable for the violations of Plaintiff Carlson's Fourth and Fourteenth Amendment rights because their policies and practices, to be deliberately indifferent to Plaintiff Carlson's Fourth and Fourteenth Amendment rights and directly causing the deprivation of Plaintiff Carlson's Fourth and Fourteenth Amendment rights.

54.     Acting in his official capacity, Defendant Zeigler was the Curator of Apollo Samples, he planned, ordered, orchestrated, and executed the seizure of Plaintiff's property without probable cause, and in so doing seized Plaintiff Carlson's property and acted with deliberate indifference to her Fourth and Fourteenth Amendment rights.

**WHEREFORE,** Plaintiff Nancy Lee Carlson, prays for judgment and demands return of her personal property, compensatory damages against Defendants NASA and Zeigler, because Defendants NASA and Zeigler acted maliciously and wantonly to deprive Plaintiff Carlson of her Constitutional Rights; and substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

Respectfully submitted,

Nancy Lee Carlson
Pro Se

EXHIBIT A



Previous Lot   Next Lot

**Auction Name:** Featuring Flown Space Collectibles, Autographed Memorabilia, Apollo Film and More! - District of Kansas

**LOT: 22 COLLECTIBLES: Grey Apollo era mesh cushion used with lunar sample retu ...**

Currency: USD | Category: Books, Maps & Collectibles | Start Price: $4,000.00 | Increment Value: $20.00 | Number of Bids: 0

My Account

Current Bid: **$4,000.00**

**High Bidder:** No Bids Placed

Bidding has ended for this item

Add to Watchlist

By placing a bid through this website, you are entering into a legally binding contract and agree to the Terms and Conditions. Furthermore, you expressly agree to follow through with the purchase of the item should you be the high bidder and agree to not stop payment, dispute or contest this transaction.

Items I'm Watching/Bidding

Get a Shipping Quote

Back to Item List



**Bidding Ends:**          10/14/2014 02:13 PM CST

**Sales Tax:**             8.25% (where applicable)

**Buyer Premium:**         No Premium

**Dynamic Closing:**       All our auctions are set to extend if there is any bidding activity within the last few minutes of the auction close.

**Last Updated: Jun 27, 2016 9:54:34 AM CST**

**Item Description**      **Location & Preview**      **Shipping Info**      **Auction Details**      **Payments**      **Terms & Conditions**

COLLECTIBLES: Grey Apollo era mesh cushion used with lunar sample return bag to soften impact to lunar rocks. 6" Not flown.

©2013 Gaston & Sheehan
Auctioneers

Buyers Guide to Fraud Protection Federal Trade Commission, www.ftc.gov

Contact Us:
auction@txauction.com



| Login | Register |

**GASTON&SHEEHAN**
AUCTIONEERS, APPRAISERS AND REALTY

**txauction.com**

| Home | My Account | Auction Calendar | Search Auction | Services | About Us | Real Estate |

Previous Lot                                                                                     Next Lot

**Auction Name:** Featuring Flown Space Collectibles, Autographed Memorabilia, Apollo Film and More! - District of Kansas
**LOT: 23**

**COLLECTIBLES: Flown zippered lunar sample return bag with lunar dus** ...

**Currency: USD** | **Category: Books, Maps & Collectibles** | **Start Price: $20,000.00** | **Increment Value: $100.00** |
**Number of Bids: 0**

My Account

Current Bid: **$20,000.00**

**High Bidder:** No Bids Placed



| Bidding has ended for this item |

By placing a bid through this website, you are entering into a legally binding
contract and agree to the <u>Terms and Conditions</u>. Furthermore, you expressly
agree to follow through with the purchase of the item should you be the high
bidder and agree to not stop payment, dispute or contest this transaction.

Add to Watchlist

Items I'm Watching/Bidding

Get a Shipping Quote

Back to Item List

**Bidding Ends:**        10/14/2014 02:14 PM CST

**Sales Tax:**           8.25% (where applicable)

**Buyer Premium:**       No Premium

**Dynamic Closing:**     All our auctions are set to extend if there is
                         any bidding activity within the last few
                         minutes of the auction close.

**Last Updated: Jun 27, 2016 9:54:03 AM CST**

**Item Description**    **Location &**      **Shipping Info**    **Auction Details**    **Payments**    **Terms &**
                        **Preview**                                                                    **Conditions**

COLLECTIBLES: Flown zippered lunar sample return bag with lunar dust. 11.5" Tear at center. Flown Mission Unknown

Home | My Account | Auction Calendar | Search Auction | Services | About Us | Real Estate
Texas Licensed Auctioneers - TXL 6497 - TXL 16122 - TXL 12508 - TXL 15124

©2013 Gaston & Sheehan          Buyers Guide to Fraud Protection Federal Trade Commission, www.ftc.gov          Contact Us:
Auctioneers                                                                                                     auction@txauction.com

https://www.txauction.com/details.cfm?itemnum=14957                                              Page 1 of 1

EXHIBIT B

# Gaston & Sheehan Auctioneers
1420 FM 685
Pflugerville, TX 78660
(512) 251-2780 • (Fax) 990-2900
E-mail: auction@txauction.com • Website: www.txauction.com

**Buyer Number:** blackrussian

Nancy Lee Carlson
926 Braeburn Road
Inverness IL 60067

| | |
|---|---|
| **Date:** | 2/24/2015 |
| **Phone:** | (847) 358-1775 |
| **Sec. Phone:** | |
| **Email:** | nancyleecarlson@msn.com |
| **Resale Tax #:** | |

| Lot No | Location | Description | Date | Price |
|---|---|---|---|---|
| | | COLLECTIBLE: [1] Flown zippered lunar sample return bag with lunar dust. 11.5 inches; tear at center. Flown Mission Unknown. | | |
| 17999 | TX | COLLECTIBLE: [1] Grey Apollo era mesh cushion used with lunar sample return bag to soften impact to lunar rocks. 6 inches. Not flown. | 2/17/2015 | $995.00 |
| | | COLLECTIBLE: [1] Launch safety key for Soyuz. 3 inches. | | |
| | | COLLECTIBLE: [1] Lens assembly; numbers visible on pieces but not entirely legible; broken in several pieces. | | |
| 17998 | TX | COLLECTIBLE: [1] Filter assembly; Date on item April 23rd 1970. Identifying marks P/N 61A830219-19, S/N 004. | 2/17/2015 | $260.00 |
| | | COLLECTIBLE: [1] Apollo hardware caution and warning indicator panel assembly; not flown; broken in two. | | |
| | | COLLECTIBLE: [1] Black Apollo era couch headrest; slight tear; normal wear and tear indicitive of age. | | |

**Note:** Shipping quote is through UPS Ground with insurance and adult signature confirmation to the invoice address. If you prefer a different shipping method or if you want to pick up your merchandise, please contact us.

| | |
|---|---|
| **Purchase Total** | $1,255.00 |
| **Buyer Premium** | $0.00 |
| **ACH Fee** | $5.00 |
| **Paid ACH 2/19 - clears 2/25** | ($1,293.53) |
| **Shipping** | $33.53 |
| **Balance Due** | **$0.00** |

EXHIBIT C

**Nancy Lee Carlson**
Attorney at Law
926 Braeburn Rd
Inverness, IL 60067

(O) 847.358.1775
(C) 847.962.1775
(F) 847.358.3227

April 28, 2016

Via Email Only

Ms. Annette Gurney
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center
301 N. Main
Wichita, Kansas 67202

Dear Ms. Gurney,

I must protest the unwarranted seizure of my personal property, the Lunar Specimen Bag ("LSB"), by the United States Government, without any legal provocation. Therefore, I hereby demand that the property be returned to me forthwith. As a bona fide purchaser of the LSB from the United States Government, I refer you to the various legal analysis concerning the seizure of property under the U.S. Constitution and the transfer of title under the U.C.C. which clearly states that a purchaser for goods acquires all title to which his transferor had or had power to transfer.

If you have any questions or wish to discuss this matter further, please do not hesitate to call me.

Very truly yours,

Nancy Lee Carlson

EXHIBIT D



# U.S. Department of Justice

**Thomas E. Beall**
Acting United States Attorney
District of Kansas

| | |
|---|---|
| Wichita Office | Topeka Office |
| 1200 Epic Center | 444 SE Quincy |
| 301 N. Main | Suite 290 |
| Wichita, Kansas 67202-4812 | Topeka, Kansas 66683-3592 |
| | |
| TEL  (316) 269-6481 | Kansas City Office |
| FAX  (316) 269-6484 | 500 State Avenue |
| | Suite 360 |
| | Kansas City, Kansas 66101-2433 |

Sent by email only

May 26, 2016

Ms. Nancy Lee Carlson
Attorney at Law
926 Braeburn Road
Inverness, IL 60067

RE:     Lunar Sample Bag

Dear Ms. Carlson:

I am writing in regards to the lunar sample bag that you sent to Johnson Space Center (JSC) for authentication. This bag was sold through a United States Marshals Service Auction conducted by Gaston & Sheehan Auctioneers as a result of forfeiture proceedings in *United States v. Ary*, District of Kansas Case No. 05-10053-JTM. As you are aware, NASA is asserting ownership of the bag.

It is our position that the bag was included in the auction and sold by mistake. In other words, the bag should never have been offered for public sale and I have been asked to seek an order from the court rescinding the sale. Before I do that, I have been given authority to offer you a monetary settlement for your agreement and assistance in resolving this mistake. In return for your agreement to relinquish any right or interest in the bag, the United States would return the money that you paid the auctioneers for the two items, which I understand is approximately $995.00. Additionally, you would be able to retain the other item which has been described as a grey Apollo era mesh cushion. The cost of shipping these items to JSC would also be returned to you. Lastly, the United States would pay an additional $1,000.00 in appreciation for your assistance in returning the bag to NASA and to offset any inconvenience you may have suffered.

It is my sincere hope that this matter can be resolved without litigation. I look forward to hearing from you.

Sincerely,

Annette Gurney
Assistant United States Attorney

Law Office of Nancy Lee Carlson

926 Braeburn Road,

Inverness, IL

(T)847-358-1775

(F)847-358-177

## CERTIFICATE OF SERVICE

I hereby certify that on June 27 , 2016, the foregoing document, Notice of the filing is being served upon all counsel of record via the ~~hand delivery~~

_/s/Nancy Lee Carlson_

Nancy Lee Carlson